IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN BARTOLOWITS, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-4666-D |
| VS. § | |
| § | |
| WELLS FARGO BANK, N.A., AS § | |
| TRUSTEE FOR OPTION ONE § | |
| MORTGAGE LOAN TRUST § | |
| 2007-FXD1, AS TRUSTEE OF CCC, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action arising from an attempted foreclosure, plaintiff Brian Bartolowits ("Bartolowits") moves to dismiss without prejudice his sole remaining claim against defendant Wells Fargo Bank, N.A. ("Wells Fargo") for negligent hiring and supervising.[1] Wells Fargo opposes the motion and also moves under N.D. Tex. Civ. R. 56.2(b) for leave to file a second summary judgment motion. For the reasons explained, the court denies Bartolowits' motion to dismiss and grants Wells Fargo leave to file a second summary judgment.

---

[1] Wells Fargo is the defendant in its capacity as Trustee for Option One Mortgage Loan Trust 2007-FXD1, as Trustee of CCC. For ease of reference, the court will refer to Wells Fargo as the defendant without differentiating between its various roles.

I

The relevant background facts are set out in the court's prior memorandum opinion and order in this case. *See Bartolowits v. Wells Fargo Bank, N.A.*, 2016 WL 1436430, at *1 (N.D. Tex. Apr. 11, 2016) (Fitzwater, J.) ("*Bartolowits I*"). In *Bartolowits I* the court granted summary judgment on all of Bartolowits' claims except for his claim for negligent hiring and supervising of Anthony Forsberg ("Forsberg"). *Id.* at *1. On May 18, 2016 the court set this case for trial on the two-week docket of August 22, 2016.

On July 15, 2016 Wells Fargo moved for leave to file a second motion for summary judgment. Bartolowits did not respond. On August 8—the deadline to file pretrial material—Bartolowits filed the instant motion to dismiss his remaining claim without prejudice, so that he can appeal this court's rulings in *Bartolowits I* without having to try the remaining claim for negligent hiring and supervising. Bartolowits essentially reasons that it would be a waste of the court's and the parties' time to try the claim because, based on the court's rulings in *Bartolowits I* regarding the facts and application of the law to those facts, Bartolowits cannot succeed on the claim at trial. He states that it is counsel's understanding that he intends to appeal the decision in *Bartolowits I* and, if the appeal is successful, his pending claim for negligent hiring and supervising may have merit if some or all of the underlying claims that the court has already ruled on are remanded by a court of appeals. Wells Fargo opposes the motion.

II

The court first considers Bartolowits' motion to dismiss without prejudice his remaining claim for negligent hiring and supervising.

A

Under Fed. R. Civ. P. 41(a)(2), "the court may dismiss a case following the defendant's answer or summary judgment only upon order of the court and upon such terms and conditions as the court deems proper." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) (citing *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002)) (internal quotation marks omitted). Ordinarily, courts should freely grant a request for dismissal, but when "a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling[.]" *FEMA*, 628 F.3d at 162.

B

The court concludes that Bartolowits is seeking by his motion to avoid an imminent adverse ruling. The court need not look beyond Bartolowits' motion to reach this conclusion. Bartolowits explicitly states that his claim for negligent hiring and supervising will likely fail

at trial because of the court's rulings in *Bartolowits I*.[2]  It follows from his reasoning that, were the court to grant Wells Fargo leave for file a summary judgment addressed to this claim, he would expect the court's decision to be adverse to him.  Bartolowits contends that his claim can only succeed after he successfully appeals *Bartolowits I* and the court of appeals remands his other claims to this court.  But he offers no compelling reason why his desire to take an appeal should delay Wells Fargo's right to a final adjudication of Bartolowits' remaining claim.  Accordingly, the court concludes that, under these circumstances, dismissing the remaining claim without prejudice would impermissibly deprive Wells Fargo of an imminent ruling in its favor on summary judgment or at trial.  *See Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198-99 (5th Cir. 1991) (holding that district court did not abuse its discretion in denying voluntary dismissal without prejudice where adverse recommendation from magistrate judge was pending).  The court therefore denies Bartolowits' motion to dismiss without prejudice his remaining claim for negligent hiring and supervising.

### III

The court next considers Wells Fargo's motion for leave to file a second motion for summary judgment.

### A

Rule 56.2(b) limits the number of summary judgment motions that can be filed

---

[2]The court accepts this assertion as true for the purposes of deciding this motion.

without leave of court. *See id.* ("Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment."). As this court has explained:

> Rule 56.2(b) controls the number of summary judgment motions that can be filed without leave of court. Among other functions, it prevents the practice—too prevalent before the Rule was adopted—of circumventing the page limits on summary judgment motions by dividing arguments among several motions. And it also enables the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition, but as to which the movant seeks a second bite at the apple. There may be instances . . . where a second motion should be permitted. But the court retains ultimate control that it would not have if successive motions were allowed as of right.

*Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 2007 WL 1969752, at *2 (N.D. Tex. June 27, 2007) (Fitzwater, J.). When deciding a motion filed under Rule 56.2(b), the court decides whether "[a]djudicating [an] issue on [a second motion for] summary judgment . . . unduly burden[s] the court and the parties[.]" *Id.* The decision is made based on the court's exercise of its discretion.

B

In its discretion, the court concludes that it should grant Wells Fargo's motion for leave to file a second summary judgment motion. The only issue that remains for trial is Bartolowits' claim for negligent hiring and supervising of Forsberg. As in *Home Depot*, permitting an additional summary judgment motion to be filed will not burden the court or the parties, and such a motion may in fact "save the time and expense of an unnecessary

trial." *Home Depot*, 2007 WL 1969752, at *2 (granting leave to file second motion for summary judgment when single claim remained for trial). The court therefore grants Wells Fargo's motion, and it directs that the motion be filed within 28 days of the date this memorandum opinion and order is filed.

* * *

For the reasons explained, Bartolowits' motion to dismiss without prejudice is denied Wells Fargo's motion for leave to file a second motion for summary judgment is granted, and Wells Fargo must file the motion within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

November 10, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE