IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN BARTOLOWITS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-4666-D |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, N.A., AS | § | |
| TRUSTEE FOR OPTION ONE | § | |
| MORTGAGE LOAN TRUST | § | |
| 2007-FXD1, AS TRUSTEE OF CCC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action arising from an attempted foreclosure, defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1] moves for a second time for summary judgment on plaintiff Brian Bartolowits' ("Bartolowits'") claim for negligent hiring and retention of Anthony Forsberg ("Forsberg").[2] Bartolowits has not responded to the motion, and it is ripe for decision. Concluding that a reasonable jury could not find that Wells Fargo employed Forsberg, the court grants the motion and dismisses this action by judgment filed today.

---

[1]Wells Fargo is the defendant in its capacity as Trustee for Option One Mortgage Loan Trust 2007-FXD1, as Trustee of CCC. For ease of reference, the court will refer to Wells Fargo as the defendant without differentiating between its various roles.

[2]The court granted Wells Fargo leave to file a second motion for summary judgment. *Bartolowits v. Wells Fargo Bank, N.A.*, 2016 WL 6650858, at *2 (N.D. Tex. Nov. 10, 2016) (Fitzwater, J.).

I

The relevant background facts are set out in the court's first memorandum opinion and order in this case. *See Bartolowits v. Wells Fargo Bank, N.A.*, 2016 WL 1436430, at *1 (N.D. Tex. Apr. 11, 2016) (Fitzwater, J.) ("*Bartolowits I*"). Bartolowits' amended complaint alleges that Wells Fargo negligently hired and retained employees "by failing to implement proper quality control standards, supervision, or protocols that would reasonably insure that [Bartolowits'] loan was not improperly foreclosed on." Am. Compl. ¶ 25. In Bartolowits' response to Wells Fargo's first motion for summary judgment, he asserted that this claim applied to the negligent hiring, retention, and supervision of Phillip Spann ("Spann") and Forsberg.

In *Bartolowits I* the court granted summary judgment for Wells Fargo on all of Bartolowits' claims except for his claim for negligent hiring and retention of Forsberg. *Bartolowits I*, 2016 WL 1436430, at *1. Relevant here, the court held that a reasonable jury could not find in favor of Bartolowits on a theory of negligent hiring and retention of Spann because the record clearly showed that Spann was an employee of Specialized Loan Servicing ("SLS"), the company that Wells Fargo hired to service Bartolowits' loan, not an employee of Wells Fargo. *Id*. at *7-8. Thereafter, the court denied Bartolowits' motion to dismiss the remaining claim without prejudice, and granted Wells Fargo leave to file a second motion for summary judgment. *Bartolowits v. Wells Fargo Bank, N.A.*, 2016 WL 6650858, at *2 (N.D. Tex. Nov. 10, 2016) (Fitzwater, J.).

Wells Fargo then filed the instant second motion for summary judgment, contending

that Bartolowits has no evidence to support the elements of his claim for negligent hiring and retention, or, in the alternative, that the claim is barred by both the statute of limitations and the judicial proceedings privilege.  Bartolowits has not responded to the motion.

II

When the summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant does so, the nonmovant must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial.  *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory where the nonmovant fails to meet this burden.  *Little*, 37 F.3d at 1076.

III

Because Wells Fargo has pointed to the absence of evidence that Forsberg was an employee of Wells Fargo, the court first considers whether Bartolowits has submitted sufficient evidence to enable a reasonable jury to find that he was.

- 3 -

A

A negligence claim requires proof of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001) (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998)).  "An employer can be liable for negligence if its failure to use due care in hiring, supervising, or retaining an employee creates an unreasonable risk of harm to others."  *Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 287 (Tex. App. 2015, no pet.) (citations omitted).  Although the Supreme Court of Texas "has yet to rule definitively on the 'existence, elements, and scope of [causes of action for negligent retention and supervision] and related torts such as negligent training and hiring,'" *id.* (alteration in original) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n. 27 (Tex. 2010)), "it has indicated that to recover on these theories, a plaintiff must show more than just negligent hiring practices," *id.* (citing *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012) (per curiam)).  "The plaintiff must also show [he] 'suffer[ed] some damages from the foreseeable misconduct of an employee' who was hired, supervised or retained pursuant to the defendant's negligent practices."  *Id.* (quoting *Wansey*, 379 S.W.3d at 247).  This court also held in *Bartolowits I* that the plaintiff must submit some evidence that the defendant actually employed the individual in question.  *See Bartolowits I*, 2016 WL 1436430, at *7-8 (granting summary judgment where record clearly showed that defendant did not employ individual who plaintiff alleged was negligently hired and retained).

- 4 -

B

In a declaration, Forsberg avers that he is not an employee of Wells Fargo, but is instead an employee of SLS.  D. App. 158 ("I was not, and have never been, an employee of Wells Fargo.").[3]  As noted, Bartolowits has not responded to Wells Fargo's motion. Although his failure to respond does not permit the court to enter a "default" summary judgment in Wells Fargo's favor, *see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991)).  Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3).  Accordingly, because Bartolowits has not submitted any evidence to refute Forsberg's declaration, the summary judgment record would only enable a reasonable jury to find that Forsberg is an employee of SLS, not Wells Fargo.  The court therefore holds that Wells Fargo is entitled to summary judgment on the basis that Wells Fargo cannot be held liable on a claim for negligent hiring and retention based on the conduct

---

[3]Forsberg's declaration was not in the record when the court decided *Bartolowits I.*

- 5 -

of someone who was not its employee.  *See Bartolowits I*, 2016 WL 1436430, at *7-8.

\* \* \*

For the reasons explained, Wells Fargo's second motion for summary judgment is granted, and this case is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

January 3, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 6 -